IN RE DISQUALIFICATION OF GORMAN.

THE STATE OF OHIO v. NOBLES.

[Cite as *In re Disqualification of Gorman* (1993), 74 Ohio St.3d 1251.]

(No. 93–AP–103—Decided November 1, 1993.)

MOYER, C.J. This affidavit of disqualification was filed by Lynn Garver Koeller, counsel for defendant Tanisha Lynn Nobles in the above-captioned case. Affiant seeks the disqualification of Judge Barbara P. Gorman from further proceedings in this case on the ground that Judge Gorman will be a witness in the case regarding her receipt of a letter from defendant. Judge Gorman states that she has no material evidence to offer regarding receipt of the letter or the underlying criminal offenses with which defendant is charged.

The mere suggestion that Judge Gorman may be a witness in this case and an allegation that her testimony may be material to disposition of the case are insufficient to establish the existence of bias, prejudice, or other disqualifying interest. See *In re Disqualification of Corrigan* (1989), 47 Ohio St.3d 602, 603, 546 N.E.2d 925, 926. I decline to establish a rule requiring disqualification of a judge based solely on suppositions that the judge may be called as a witness or allegations that the judge possesses evidence material to the case at bar. A

1252

broad general rule such as this would encourage judge-shopping and result in the unnecessary recusal or disqualification of judges who merely are alleged to have some evidence to proffer in a case pending before them.

Judge Gorman and the parties referred to Canon 3(C)(1)(a) of the Code of Judicial Conduct and Evid.R. 605 in the materials filed with this court. Being familiar with these provisions, Judge Gorman will conduct herself accordingly if she is called as a witness at trial.

Accordingly, the affidavit of disqualification is found not well taken and is denied. The cause shall proceed before Judge Gorman.