[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1207.]

IN RE DISQUALIFICATION OF WATSON.

SAMMONS *v.* FRANKLIN COUNTY BOARD OF COMMISSIONERS ET AL.

[Cite as *In re Disqualification of Watson*, 1997-Ohio-16.]

*Judges—Affidavit of disqualification—Disqualification not warranted by mere fact that a party is the funding authority of the court—Mere allegations that a judge will be called as a witness in a pending case will not require disqualification.*

(No. 97-AP-030—Decided March 10, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County

Court of Common Pleas case No. 96CVH02-1550.

_____

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Phillip L. Harmon, counsel for plaintiff Arlend Sammons, seeking the disqualification of Judge Michael H. Watson from further proceedings in the above-captioned case.

{¶ 2} Affiant contends that Judge Watson and all judges of the Franklin County Court of Common Pleas should be disqualified because the defendant in this matter, the Franklin County Board of Commissioners, is the funding authority for the court. Moreover, affiant contends that Judge Watson's former position as the Governor's legal counsel during the time that ownership of the subject property was transferred from the state to the county mandates his disqualification to avoid the appearance of impropriety.

{¶ 3} The mere fact that a party to a pending case is the funding authority of the court in which the case is pending does not, without more, mandate the disqualification of the judges of that court. Absent factors that demonstrate an interest in the subject matter that mandates disqualification under the Code of

Judicial Conduct or to avoid the appearance of impropriety, I decline to establish a rule that requires the disqualification of a judge or an entire court based solely on the fact that a party to the case is the court's funding authority.

{¶ 4} Further, there is no indication in the record that, in his prior employment, Judge Watson obtained information or performed functions regarding the property that is the subject of the underlying litigation that mandates his disqualification. Although affiant contends that Judge Watson will be called as a witness in the underlying case, the judge denies having information that would make him a material witness. Mere allegations that a judge will be called as a witness in a pending case will not require the judge's disqualification. See *In re Disqualification of Gorman* (1993), 74 Ohio St.3d 1251, 657 N.E.2d 1354.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Watson.

————————————