IN RE DISQUALIFICATION OF BOND.

THE STATE OF OHIO v. ROSS.

[Cite as *In re Disqualification of Bond* (2001), 94 Ohio St.3d 1221.]

(No. 00–AP–107—Decided January 17, 2001.)

MOYER, C.J.   This affidavit of disqualification filed by David Z. Chesnoff, counsel for defendant, seeks the disqualification of Judge Jane Bond from further proceedings in the above-captioned case, *State v. Denny F. Ross.*

Affiant's primary contention is that Judge Bond should be disqualified from any further proceedings in this case because she will be called as a witness in these proceedings.   The allegations regarding her testimony relate to her declaration of a mistrial, pursuant to R.C. 2945.36(A), subsequent to receiving information regarding the misconduct of a juror and her discussions with several jurors after the mistrial had been declared.

Generally, a judge will not be disqualified based solely on a suggestion or an allegation that the judge may be called as a witness in a case pending before that judge.   See *In re Disqualification of Gorman* (1993), 74 Ohio St.3d 1251, 657 N.E.2d 1354.   Here, the record before me reflects more than a mere suggestion or allegation that Judge Bond may be called as a witness.   Rather, there appears a significant likelihood that Judge Bond will be called to testify in subsequent proceedings about her actions in this case after she learned of possible juror misconduct.   Under these circumstances and in view of Canon 3(E)(1)(d)(v) of the Code of Judicial Conduct and Rule 605 of the Ohio Rules of Evidence, I am compelled to conclude that Judge Bond should be disqualified from further proceedings in this case.

Accordingly, Judge Jane Bond is disqualified from further proceedings in the above-captioned case.   The case is returned to the administrative judge of the Summit County Court of Common Pleas, General Division, for reassignment.