Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF LOTZ.

WHITLATCH *v*. WHITLATCH.

[Cite as *In re Disqualification of Lotz*, 100 Ohio St.3d 1236, 2002-Ohio-7480.]

*Judges — Affidavit of disqualification — That one of the parties is employed by the court is not, by itself, sufficient grounds for disqualification of the judge — Affidavit must be timely filed.*

(No. 02-AP-099 — Decided November 1, 2002.)

ON AFFIDAVITS OF DISQUALIFICATION in Meigs County Common Pleas Court, Division of Domestic Relations, case No. 89DR182.

———————————

**MOYER, C.J.**

**{¶1}** Affidavits of disqualification were filed by defendant Terry Whitlatch and his counsel, L. Scott Powell, seeking the disqualification of retired Judge Warren Lotz from the above-captioned case. Judge Lotz was assigned to this case by this court on October 13, 1998, to hear post-decree issues. Now pending before Judge Lotz are contempt proceedings filed by plaintiff Crystal Whitlatch against defendant Terry Whitlatch.

**{¶2}** As grounds for disqualification, affiants state that Crystal Whitlatch is an employee of the Meigs County Common Pleas Court, that Judge Lotz is assigned to the court on a regular basis, and that Judge Lotz "is assisted by the movant as an employee when he is there." Affiants allege that Judge Lotz has a bias in favor of Ms. Whitlatch and a prejudice against defendant "because of his employment relationship with the movant [Crystal Whitlatch] and the Court she works at."

**{¶3}** In his response, Judge Lotz states that the number of cases he hears in Meigs County is minimal and that his interaction with the plaintiff Crystal Whitlatch "is on a business relationship only."

**{¶4}** The statutory right to seek disqualification of a judge is an extraordinary remedy. *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions. *In re Disqualification of Olivito* (1994), 74 Ohio St.3d 1261, 657 N.E.2d 1361. An affidavit of disqualification must allege with specificity the purported grounds for disqualification, including specific facts that demonstrate bias or prejudice on the part of the judge. *In re Disqualification of Walker* (1988), 36 Ohio St.3d 606, 522 N.E.2d 460. The fact that one of the parties is employed by the court is not, by itself, sufficient grounds for disqualification of the judge, and the affiants do not allege any specific acts that would support a claim of bias or prejudice.

**{¶5}** Judge Lotz states that he was assigned to this case in October 1998. The record is silent as to how long the plaintiff Crystal Whitlatch has been employed by the Meigs County Common Pleas Court. However, the affiants do not allege that her employment, and thus the opportunity for interaction between Ms. Whitlatch and Judge Lotz, is a recent occurrence, and they do not explain why a request for Judge Lotz's removal is only now being made. An affidavit of disqualification must be filed as soon as possible after a party becomes aware of circumstances that support disqualification. A party may be considered to have waived its objection to the judge when the objection is not raised in a timely fashion and the facts underlying the objection have been known to the party for some time. *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298.

**{¶6}** For the foregoing reasons, the affidavit of disqualification is found not well taken and is denied. The proceedings shall continue before Judge Lotz.

_____