IN RE DISQUALIFICATION OF SCHWEIKERT.

THE STATE OF OHIO v. LEONARD.

[Cite as *In re Disqualification of Schweikert,*
110 Ohio St.3d 1209, 2005-Ohio-7149.]

(No. 05–AP–028—Decided April 28, 2005.)

MOYER, C.J.

{¶ 1} Assistant State Public Defender Wendi Dotson—counsel for the defendant—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Mark P. Schweikert from acting on any further proceedings in case No. B–0005891 in the Court of Common Pleas of Hamilton County.

{¶ 2} Dotson seeks the disqualification not only of Judge Schweikert, but of all other Hamilton County judges as well. She alleges that she intends to call Judge Schweikert, his bailiff, and his court reporter, as well as several deputy sheriffs, to testify at an upcoming evidentiary hearing in the case, and argues that none of the judges in Hamilton County will be able to weigh that testimony fairly and impartially.

{¶ 3} Judge Schweikert has responded to the affidavit, expressing his opinion that he need not be disqualified from presiding over the pending postconviction proceeding. He states that he has no material knowledge about any relevant facts other than those he learned while serving as the trial judge in the case, and he notes that he must often weigh the testimony of law-enforcement personnel and can do so in this case.

{¶ 4} I find no basis for ordering the disqualification of Judge Schweikert. As even the affiant acknowledges, I have "decline[d] to establish a rule requiring disqualification of a judge based solely on suppositions that the judge may be called as a witness or allegations that the judge possesses evidence material to the case at bar." *In re Disqualification of Gorman* (1993), 74 Ohio St.3d 1251, 657 N.E.2d 1354. I conclude from the record before me that the judge is not a material witness and need not be called to testify at the postconviction hearing.

{¶ 5} Under Canon 3(E)(1)(d)(v) of the Code of Judicial Conduct, a judge who knows that he or she is "likely to be a material witness in the proceeding" must step aside, but "[w]here the evidence concerning the transactions in issue may be obtained from witnesses other than the trial judge, then the trial judge is not such a material witness as to require a disqualification." *Bresnahan v. Luby* (1966), 160 Colo. 455, 458, 418 P.2d 171. Mere "[f]amiliarity with the circumstances surrounding the trial does not render the judge a material witness." Id. See, also, *Wingate v. Mach* (1934), 117 Fla. 104, 108, 157 So. 421 (a material witness is one who is able to give testimony on some fact "about which no other witness might testify"); *Coleman v. State* (1981), 194 Mont. 428, 435, 633 P.2d 624

("the post-conviction court judge should only recuse himself if the petitioner shows that the judge is the source of material evidence otherwise unobtainable"); *Robison v. State* (Okla.Crim.App.1991), 818 P.2d 1250, 1252 (trial judge was not required to disqualify himself from a postconviction hearing where his testimony would have been either cumulative or immaterial).

{¶ 6} The affiant alleges that the judge and the other proposed witnesses will be asked to testify about whether "the jury was aware of the security measures at trial" and "whether there were any reasons for the security in the first place." Other witnesses besides the judge can testify on those issues, however, and the judge's testimony would therefore not be essential in order for the parties to place on the record the facts surrounding the security measures employed at the defendant's trial. Presumably, any heightened security steps that the judge ordered or tolerated during the trial were implemented by local law-enforcement officers, and those officers should be able to testify about their recollections of the defendant, his trial, and any security-related measures that they observed or implemented themselves. The judge was not, in other words, the sole observer of the circumstances that the defendant hopes to explore at the postconviction hearing, and the judge's disqualification is therefore not warranted.

{¶ 7} Moreover, a judge is not "under any duty to take the witness stand * * * and explain his mental processes." *Welch v. State* (1984), 283 Ark. 281, 283, 675 S.W.2d 641. Whether his actions were right or wrong at the trial, Judge Schweikert is now presumed to be capable of weighing additional testimony in a posttrial proceeding and resolving any remaining factual or legal disputes without stepping aside. "Were it otherwise, no judge could rule on post-trial motions claiming error in the conduct of the trial." *United States v. Widgery* (C.A.7, 1985), 778 F.2d 325, 328. And the judge is entitled to resolve those issues without having to take the witness stand to explain what he saw and heard and said in earlier stages of the proceedings. "[U]nless some specific and compelling evidence is sought to be adduced from the testimony of the sentencing judge and such evidence can be found nowhere else," trial judges are permitted to rule on postconviction petitions. *Coleman v. State*, 194 Mont. at 435, 633 P.2d 624. The affidavit of disqualification does not contain the kind of compelling evidence that might justify a finding that the judge's testimony is essential, and I therefore decline to order that he step aside from a postconviction hearing where witnesses may be called to testify about events that occurred before or during a trial over which he presided.

{¶ 8} The fact that some of the witnesses at the postconviction hearing may include court employees or county law-enforcement officers does not compel the judge's disqualification either. None of the witnesses hold an economic interest in the outcome of the case, and none of them are alleged to be relatives of the

judge. Just as I have rejected the idea that a judge's friendship with a potential witness compels the judge's disqualification, see *In re Disqualification of Bressler* (1997), 81 Ohio St.3d 1215, 688 N.E.2d 517, I likewise cannot say that Judge Schweikert must step aside due to his familiarity with the other court or county employees who may testify at the postconviction hearing.

{¶ 9} A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality. See Canon 3(E)(1) of the Code of Judicial Conduct ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned"). As Judge Schweikert himself suggests in his response to the affidavit, law-enforcement officers routinely testify in his courtroom, and the judge's familiarity with them would not thereby prompt reasonable and objective observers to call his impartiality into question.

{¶ 10} The possibility that the judge's own bailiff and court reporter may testify presents a closer call, but the judge's assurances that he will not allow his professional relationships with them to influence his judicial conduct, coupled with the absence of any economic or other interest of the judge's that could be affected by the outcome of the case, prompt me to conclude that disqualification is not warranted. The parties will be free to examine and cross-examine the witnesses for truthfulness, knowledge, and ability to recall and communicate events, as well as any biases and prejudices. Judge Schweikert believes, according to his response, that he can listen to that testimony and fairly and impartially evaluate it, along with any other evidence presented at the postconviction hearing. He notes as well that he is sworn to uphold the defendant's constitutional rights.

{¶ 11} Nothing in the tone or the content of the judge's response suggests that he misapprehends his obligation to be fair to both parties and to convey the appearance of fairness to the parties and the public. I conclude from the record before me that Judge Schweikert will be able to meet that obligation.

{¶ 12} For the reasons stated above, the affidavit of disqualification is denied. The case shall proceed before Judge Schweikert.