IN RE DISQUALIFICATION OF RASTATTER.

THE STATE OF OHIO *v.* MARLER.

[Cite as *In re Disqualification of Rastatter,*
113 Ohio St.3d 1218, 2006-Ohio-7226.]

(No. 06–AP–055—Decided July 27, 2006.)

MOYER, C.J.

{¶ 1} Attorney Dean Boland—counsel for the defendant—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Douglas M. Rastatter from acting on any further proceedings in case No. 06–CR–155 in the Court of Common Pleas of Clark County.

{¶ 2} Boland alleges that Judge Rastatter—who is the assigned judge scheduled to hear the defendant's criminal case—issued a search warrant that led to the discovery of evidence that the prosecution intends to present at trial. When the defendant filed a motion to suppress the evidence seized by law enforcement officers under the authority of the search warrant, Judge Rastatter stepped aside from the suppression hearing and allowed a visiting judge to rule on the motion.

{¶ 3} Judge Rastatter himself testified on behalf of the prosecution at the suppression hearing, however, and Boland alleges that the judge admitted holding ex parte discussions with the prosecutor about that hearing. Boland also contends that the judge and the prosecutor are close personal friends and former colleagues. For these reasons, Boland questions whether Judge Rastatter can preside fairly at the defendant's upcoming trial, and he asks that a visiting judge from outside Clark County be assigned to hear the case.

{¶ 4} Judge Rastatter has responded in writing to the affidavit. He contends that the ex parte communications that he held with the prosecutor were "strictly limited to the testimony that would be presented at the suppression hearing." He also pledges that his friendship with the prosecutor will not affect his rulings on the case.

{¶ 5} I conclude that Judge Rastatter must be disqualified from further proceedings in this case. Canon 3(E)(1)(d)(v) of the Ohio Code of Judicial Conduct calls for any judge who is "likely to be a material witness in the proceeding" to step aside from the case. To be sure, I have declined to establish a rule "requiring disqualification of a judge based solely on suppositions that the judge may be called as a witness or allegations that the judge possesses evidence material to the case." *In re Disqualification of Gorman* (1993), 74 Ohio St.3d 1251, 657 N.E.2d 1354. Once a judge is likely to testify or has in fact already testified, however, I have ordered the judge's disqualification. See, e.g., *In re Disqualification of Bond* (2001), 94 Ohio St.3d 1221, 763 N.E.2d 593 ("there appears a significant likelihood that Judge Bond will be called to testify"); *In re Disqualification of Corrigan* (1989), 47 Ohio St.3d 602, 603, 546 N.E.2d 925 ("the

importance of avoiding even the appearance of any prejudice or partiality" justified the disqualification of a judge who was alleged to be an important witness for the prosecution in the underlying criminal case).

{¶ 6} In this case, where the judge has already testified as a material witness for the prosecution at a suppression hearing, and where the judge has acknowledged holding ex parte discussions with the prosecutor about his testimony, a reasonable and objective observer familiar with these facts might harbor serious doubts about the judge's impartiality. Canon 3(E)(1) of the Code of Judicial Conduct directs judges to step aside from any proceedings in which their impartiality "might reasonably be questioned." This case is one in which that provision applies. The roles of judge and witness are incompatible. Because Judge Rastatter has already testified as a material witness for the prosecution in this case, he should not attempt to resume his role as an impartial arbiter of the parties' dispute. To maintain the public's confidence in the integrity of the judicial process in this case, a different judge should hear any further proceedings in the trial court.

{¶ 7} For the reasons stated above, the affidavit of disqualification is granted. The case is returned to the administrative judge of the court of common pleas for reassignment.