IN RE DISQUALIFICATION OF BETLESKI.

IN RE GRAND JURY SPECIAL INVESTIGATION.

**[Cite as *In re Disqualification of Betleski*, 113 Ohio St.3d 1229, 2006-Ohio-7232.]**

(No. 06–AP–095—Decided October 5, 2006.)

Moyer, C.J.

{¶ 1} Lorain County Prosecuting Attorney Dennis P. Will has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Mark A. Betleski from acting on any further proceedings in a matter designated as "In re Grand Jury Special Investigation" in the Court of Common Pleas for Lorain County.

{¶ 2} Will contends that Judge Betleski has improperly sought to appoint a special prosecutor to investigate an election-related matter that Will himself has declined to present to the county grand jury. Will also contends that he has discussed his decision with the judge, who has—according to Will—become "very agitated and angry" about Will's refusal to present the matter to the grand jury or to step aside so that a special prosecutor designated by the judge may present the case to the grand jury. Will also explains that he has filed a mandamus and prohibition action against the judge and others to prevent the judge from interfering with Will's prosecutorial discretion, and Will contends that the judge can no longer rule impartially on Will's possible removal from the investigation of the election-related matter and the possible appointment of a special prosecutor in his place. Additionally, Will intends to call the judge as a witness at any hearing on his proposed removal of Will in favor of a special prosecutor, and Will therefore asks that the judge be disqualified from any further proceedings on the matter.

{¶ 3} Judge Betleski has responded to the affidavit. He denies holding any bias or prejudice against Prosecuting Attorney Will or against Will's office, and he denies that he has shown anger or become confrontational with the affiant. The judge explains his view that the prosecuting attorney's office has a conflict of interest that precludes that office from presenting to the grand jury the election-related matter described in the affidavit. Relying on what he describes as his inherent power, the judge states that he has decided to appoint a special prosecutor to present the matter to the grand jury.

{¶ 4} I conclude that disqualification is not warranted in this matter. The judge and the prosecuting attorney disagree about a judge's proper role when a prosecuting attorney chooses not to request a special prosecutor and chooses not to present a case to the grand jury, but I cannot say that Judge Betleski's views or his actions are motivated by bias or prejudice. Whether the judge in fact possesses the legal authority to appoint a special prosecutor in these circumstances is a separate issue that is not before me. My authority in this

disqualification proceeding is limited solely to the question whether the judge can rule fairly and impartially on the issues before him.

{¶ 5} To be sure, the prosecuting attorney takes the view that (1) there are no grand-jury issues properly before the judge because the prosecuting attorney alone has the authority to decide whether a case should be presented to the grand jury and (2) at most, the question before the judge is whether a special prosecutor should be appointed, and the judge must express no view on that question until a hearing has been held. Those are, in the end, legal conclusions that the judge disputes. Whether the judge is right or wrong in his assessment of his authority in this situation, I cannot say that his views reflect bias against the prosecuting attorney or improper prejudice against the prosecuting attorney's position. These two public officials disagree sharply about a legal question that is before the trial court—and now the court of appeals as well—but I see no compelling evidence that the judge's adherence to his position is the result of any improper bias against the prosecuting attorney.

{¶ 6} To say, however, that the judge may preside over a hearing concerning the possible appointment of a special prosecutor would not, of course, preclude anyone who might be prosecuted by that special prosecutor from questioning the judge's impartiality in the resulting criminal case. The judge arguably has become, after all, an advocate for the prosecution of *someone* in connection with the election-related matter described in the affidavit, and if anyone is in fact charged with wrongdoing, that person or those persons might reasonably question the judge's impartiality if he presides over the criminal case itself. The judge has, it seems, taken a notably strong interest in seeing that this particular matter is presented to the grand jury, and that stance—even if found by this or other courts to be proper—has placed the judge in an unusual role that we do not encounter when we leave in the hands of prosecutors the decision whether particular actions warrant presentment to a grand jury or the filing of criminal charges.

{¶ 7} The remaining allegations in the affidavit do not justify the judge's disqualification. First, the prosecuting attorney contends that the judge has become angry during their discussions; the judge denies the claim. Absent some additional evidence on the point, I cannot say that a "reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 105 Ohio St.3d 1239, 2004-Ohio-7359, 826 N.E.2d 299, ¶ 8.

{¶ 8} The filing of the prosecuting attorney's mandamus and prohibition case against the judge likewise does not compel the judge's disqualification. I have explained that "the fact that a judge may be an adverse party in another case will not by itself automatically result in disqualification." *In re Disqualification of*

*Hunter* (1988), 36 Ohio St.3d 607, 608, 522 N.E.2d 461. The Code of Judicial Conduct does not compel a judge to step aside merely because a party has sued the judge, and, in the absence of other evidence calling the judge's impartiality into doubt, I will not remove a judge in these circumstances. The judge does not hold a pecuniary interest in the outcome of the prosecuting attorney's writ case before the court of appeals, and the judge is not alleged to have said or done anything that might suggest that the filing of the writ case will affect his willingness or ability to proceed impartially in this grand-jury-related matter.

{¶ 9} Finally, the fact that the prosecuting attorney wishes to call the judge as a witness if a hearing is held on the possible appointment of a special prosecutor does not compel the judge's disqualification. Under Canon 3(E)(1)(d)(v) of the Code of Judicial Conduct, a judge who knows that he or she is "likely to be a material witness in the proceeding" must step aside, but "[w]here the evidence concerning the transactions in issue may be obtained from witnesses other than the trial judge, then the trial judge is not such a material witness as to require a disqualification." *Bresnahan v. Luby* (1966), 160 Colo. 455, 458, 418 P.2d 171. Mere "[f]amiliarity with the circumstances surrounding the trial does not render the judge a material witness." Id. See, also, *Wingate v. Mach* (1934), 117 Fla. 104, 108, 157 So. 421 (a material witness is one who is able to give testimony about a fact "about which no other witness might testify").

{¶ 10} Moreover, "a judge is not 'under any duty to take the witness stand * * * and explain his mental processes.' " (Ellipsis sic.) *In re Disqualification of Schweikert*, 110 Ohio St.3d 1209, 2005-Ohio-7149, 850 N.E.2d 714, ¶ 7, quoting *Welch v. State* (1984), 283 Ark. 281, 283, 675 S.W.2d 641. Whether Judge Betleski is right or wrong in his belief that he can appoint a special prosecutor and can insist on the presentment of a case to the grand jury over Prosecuting Attorney Will's objections, the judge—absent an intervening ruling to the contrary from a higher court—is entitled to rule as he thinks appropriate without first answering questions about his decision under oath in his own courtroom.

{¶ 11} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Betleski.