IN RE DISQUALIFICATION OF HEDRIC.

THE STATE OF OHIO *v.* PHILLIPS.

[Cite as *In re Disqualification of Hedric,*

127 Ohio St.3d 1227, 2009-Ohio-7208.]

*Judges — Affidavit of disqualification — Disqualification denied.*

(No. 09-AP-061 — Decided July 6, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in Butler County Court of Common Pleas
Case No. CR2008-01-0006.

_____

MOYER, C.J.

{¶ 1}  Scott N. Blauvelt, counsel for defendant, Michael Dale Phillips, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Craig D. Hedric from acting on any further proceedings in case No. CR2008-01-0006, a criminal matter in the Court of Common Pleas of Butler County.

{¶ 2}  According to Blauvelt, the defendant was charged with operating a motor vehicle under the influence, a felony of the third degree.  The indictment also alleged that defendant has at least one other felony OMVI conviction and included a specification that defendant has five or more prior OMVI convictions within the past 20 years.  Blauvelt further states that while serving as an assistant prosecuting attorney for Butler County, Judge Hedric prosecuted one of defendant's prior OMVI convictions.  Blauvelt thus maintains that the Code of Judicial Conduct bars Judge Hedric from presiding over defendant's trial because the judge previously served as a lawyer in the matter in controversy and also possesses personal knowledge of disputed facts.

**{¶ 3}** Judge Hedric has responded in writing to the concerns raised in the affidavit. He admits that he successfully prosecuted the defendant for OMVI in 2001. The judge, however, expressly denies Blauvelt's claim that he possesses relevant evidence regarding defendant's prior conviction. Rather, he states that he has no recollection of the defendant or the facts of his 2001 OMVI case.

**{¶ 4}** For the following reasons, I find no basis for ordering the disqualification of Judge Hedric. First, "[a] party may be said to have waived the right to obtain a judge's disqualification when the alleged basis therefor has been known to the party for some time, but the objection is raised in an untimely fashion, well after the judge has participated in the proceedings." *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 607, 546 N.E.2d 1298. The defendant first appeared before Judge Hedric in January or February 2008, when he pleaded no contest to the charges in the indictment. But the matter of Judge Hedric's involvement in the 2001 OMVI case was not raised at that time. Instead, the matter was not raised until after the court of appeals vacated defendant's plea in March 2009 and remanded the case to Judge Hedric for further proceedings. See *State v. Phillips,* 12th Dist. No. CA2008-05-126, 2009-Ohio-1448.

**{¶ 5}** Second, Blauvelt argues that sections (a) and (b) of Rule 2.11(A)(7) of the Code of Judicial Conduct provide separate grounds for disqualifying Judge Hedric in this matter. Jud.Cond.R. 2.11(A)(7)(a) provides that a judge shall disqualify himself or herself if the "judge served as a lawyer in the matter in controversy." Section (b) provides that a judge shall disqualify himself or herself if the "judge served in governmental employment, and in such capacity participated personally and substantially as a lawyer * * * concerning the particular matter." Blauvelt contends that – as applied to the underlying action – the term "matter" in these rules involves a broader application than just the instant conduct of driving under the influence because the defendant's prior convictions are essential elements of the current offense and specification.

**{¶ 6}** Initially, it is noted that sections (a) and (b) of Jud.Cond.R. 2.11(A)(7) distinguish between lawyers and government lawyers. Because the allegations here involve Judge Hedric's prior employment as an assistant county prosecutor, only section (b) applies to this matter. Moreover, the plain language of section (b) would require Judge Hedric's disqualification only if he had acted as a government lawyer in the "particular" matter before him. Because Judge Hedric was not involved as a prosecuting attorney in the underlying action, this rule does not compel his disqualification. There is no ambiguity in the language of the rule and thus no room to construe this section broadly, as Blauvelt requests.

**{¶ 7}** Third, Blauvelt contends that the judge has personal knowledge of disputed facts and is arguably a material witness in the underlying case. See Jud.Cond.R. 2.11(A)(1) and (A)(2)(d). Blauvelt notes that the state must prove all necessary elements of the OMVI offense, including defendant's identity as the individual convicted in the 2001 OMVI case. According to Blauvelt, Judge Hedric has personal knowledge of a disputed fact – defendant's identity – that is relevant to defendant's current case.

**{¶ 8}** For his part, Judge Hedric disputes that he has knowledge of any disputed facts. The judge avers that defendant appeared before him last year when he pleaded no contest, yet he did not remember the defendant or his prior OMVI case. Moreover, the judge disputes that defendant's identity – as it relates to the prior conviction – is at issue in the current OMVI case. According to Judge Hedric, all that is required to prove the prior conviction is a certified copy of the judgment entry in defendant's 2001 OMVI case.

**{¶ 9}** "I have declined to establish a rule 'requiring disqualification of a judge based solely on suppositions that the judge may be called as a witness or allegations that the judge possesses evidence material to the case.' " *In re Disqualification of Stuard,* 113 Ohio St.3d 1236, 2006-Ohio-7233, 863 N.E.2d 636, ¶ 6, quoting *In re Disqualification of Gorman* (1993), 74 Ohio St.3d 1251,

657 N.E.2d 1354.  Moreover, when the evidence concerning the transaction at issue may be obtained from witnesses other than the trial judge, the trial judge is not such a material witness as to require the judge's disqualification.  *In re Disqualification of Stuard*, ¶ 6 (citing cases).

{¶ 10} If Judge Hedric concludes that he is likely to be a material witness in the proceeding, he can and should disqualify himself, as Jud.Cond.R. 2.11(A)(2)(d) directs.  See id. at ¶ 7 (construing former Canon 3(E)(1)(d)(v) of the Code of Judicial Conduct).  On the record before me, however, I cannot determine whether the judge possesses evidence that is material to defendant's case, let alone whether such evidence is obtainable from other witnesses or documents.

{¶ 11} As I have stated, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions."  *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.  Those presumptions have not been overcome in this case.

{¶ 12} For the reasons stated above, the affidavit of disqualification is denied.  The case may proceed before Judge Hedric.

———————————