**IN RE DISQUALIFICATION OF BATCHELOR.**

**THE STATE OF OHIO *v.* SMITH.**

**[Cite as *In re Disqualification of Batchelor,* 136 Ohio St.3d 1211, 2013-Ohio-2626.]**

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge not automatically disqualified from criminal case when judge prosecuted defendant in earlier unrelated proceedings—Presumption of impartiality applies absent showing of actual bias.*

(No. 13-AP-042—Decided May 17, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Coshocton County Court of Common Pleas Case Nos. 12-CR-0104, 13-CR-0024, and 13-CR-0063.

_____

**O'CONNOR, C.J.**

{¶ 1} Defendant Paul I. Smith has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Robert J. Batchelor from presiding over any further proceedings in the three above-referenced criminal cases, now pending in the Court of Common Pleas of Coshocton County.

{¶ 2} Before taking the bench, Judge Batchelor was the prosecuting attorney for Coshocton County. In that capacity, he prosecuted Smith in three separate cases and obtained prison sentences in each case. Based on these prior prosecutions, Smith claims that Judge Batchelor will be biased against him in the three unrelated criminal matters now pending before the judge.

{¶ 3} Judge Batchelor has responded in writing to Smith's affidavit. He acknowledges that he prosecuted Smith for various felony offenses, but he claims that he holds "no animus or bias" against Smith and that he will be a neutral and impartial judge during the pending cases.

**{¶ 4}** For the following reasons, no basis has been established to order the disqualification of Judge Batchelor.

**{¶ 5}** The Code of Judicial Conduct requires a judge who formerly served as a government lawyer to disqualify himself or herself from any "particular matter" in which he or she personally and substantially participated as a government attorney. Jud.Cond.R. 2.11(A)(7)(b). Accordingly, a judge is not automatically disqualified from a criminal case when he or she prosecuted a defendant in an earlier, *unrelated* proceeding. This is true not only in Ohio but also in a majority of other state and federal courts. *See Jenkins v. Bordenkircher*, 611 F.2d 162, 167 (6th Cir.1979) ("This court is unwilling to adopt a Per se rule that a judge may never preside at a trial where he has had previous contact with the defendant as a prosecutor in totally unrelated criminal charges"); *State v. Neeley*, 748 P.2d 1091, 1094 (Utah 1988) ("the majority view is that a judge who has had previous contact with a defendant on a totally unrelated matter is not per se disqualified"); *Mitchell v. Class*, 524 N.W.2d 860, 863 (S.D.1994), quoting *State v. Reddick*, 230 Neb. 218, 223, 430 N.W.2d 542 (1988) (" 'A judge is not disqualified merely because he at some earlier time prosecuted the criminal defendant appearing before him' "); *see generally* Flamm, *Judicial Disqualification*, Section 11.4 (2d Ed.2007); Garwin, Libby, Maher & Rendleman, *Annotated Model Code of Judicial Conduct*, 266-267 (2d Ed.2011). As the Supreme Court of Pennsylvania explained,

> we have never held and are unwilling to adopt a *per se* rule that a judge who had participated in the prosecution of a defendant may never preside as judge in future unrelated cases involving that defendant. Absent some showing of prejudgment or bias we will not assume a trial court would not be able to provide a defendant a fair trial based solely on prior prosecutorial participation.

*Commonwealth v. Darush*, 501 Pa. 15, 22, 459 A.2d 727 (1983).

{¶ 6} As noted, Ohio precedent is consistent with this majority view. In *In re Disqualification of Hedric*, 127 Ohio St.3d 1227, 2009-Ohio-7208, 937 N.E.2d 1016, the chief justice denied an affidavit of disqualification against Judge Hedric, despite the fact that he had previously prosecuted the defendant, because the judge had not acted as counsel in the particular underlying proceeding before him. Specifically, Judge Hedric, while acting as an assistant prosecuting attorney eight years prior, had prosecuted the defendant for operating a motor vehicle under the influence ("OMVI") and that defendant later appeared before the judge on an unrelated OMVI charge. *Id.* at ¶ 2. The later indictment even included a specification that the defendant had five or more prior OMVI convictions within the past 20 years, including the conviction obtained by Judge Hedric in his role as prosecutor. *Id.* Nonetheless, because Judge Hedric was not involved as a prosecuting attorney in the underlying action pending before him, disqualification was not mandated under Jud.Cond.R. 2.11(A)(7)(b), and the affidavit was denied. *Id.* at ¶ 6.

{¶ 7} The same rationale applies here. While Judge Batchelor acknowledges that he previously prosecuted Smith, there is no allegation that he personally or substantially participated in any of the three cases now pending in his court. Therefore, Jud.Cond.R. 2.11(A)(7) does not mandate his disqualification.

{¶ 8} In addition, Smith has otherwise failed to demonstrate the existence of any bias or prejudice mandating disqualification under R.C. 2701.03. *See* R.C. 2701.03(B)(1) (placing burden on affiant to demonstrate that disqualification is warranted). "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on

the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). To support his affidavit, Smith claims that Judge Batchelor previously prosecuted him and did not offer Smith community control or other treatment options in those prosecutions. This vague allegation, however, does not show that Judge Batchelor has a "hostile feeling or spirit of ill-will" against Smith, nor does it prove that the judge has reached a "fixed anticipatory judgment" in any of Smith's pending cases. Allegations based solely on speculation and innuendo, such as those here, are insufficient to establish bias or prejudice. *See In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

**{¶ 9}** At bottom, Smith requests the chief justice to assume that Judge Batchelor is biased because he previously prosecuted Smith. The statutory right to seek disqualification, however, is an "extraordinary remedy." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *Id*. Those presumptions have not been overcome here. Absent some showing of prejudgment, bias, or an appearance of bias, it will not be assumed that a trial judge is unable to provide a fair trial based solely on prior prosecutorial participation in an unrelated case.

**{¶ 10}** For the reasons stated above, the affidavit of disqualification is denied. The cases may proceed before Judge Batchelor.

_____