[Cite as *In re Disqualification of Krichbaum,* 136 Ohio St.3d 1276, 2013-Ohio-4253.]

IN RE DISQUALIFICATION OF KRICHBAUM.

ADAMS *v*. VIVO, CLERK, ET AL.

[Cite as *In re Disqualification of Krichbaum,* 136 Ohio St.3d 1276,

2013-Ohio-4253.]

*Judges—Affidavit of disqualification—R.C. 2701.03—When evidence may be obtained from witnesses or sources other than the trial judge, the judge is not such a material witness as to require the judge's disqualification— Professional relationship between judge and a party alone is not enough to mandate removal of judge—Disqualification of judge not warranted.*

(No. 13-AP-075—Decided September 5, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Mahoning County Court of Common

Pleas Case No. 2013-CV-1398.

————————————

**O'CONNOR, C.J.**

**{¶ 1}** Plaintiff DuJuan L. Adams has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge R. Scott Krichbaum from presiding over any further proceedings in case No. 2013-CV-1398, a civil action pending in the Court of Common Pleas of Mahoning County.

**{¶ 2}** Adams is seeking damages against the Mahoning County clerk of courts for alleged negligent and reckless acts. Adams asserts that Judge Krichbaum should be disqualified from hearing the matter because the judge (1) presided over Adams's related criminal case, (2) has "routinely" and "reflexively" denied Adams's motions, (3) will be a witness at trial, and (4) is incapable of fairly adjudicating claims "against his own clerk."

**{¶ 3}** Judge Krichbaum has responded in writing to the allegations in Adams's affidavit, averring that he does not have any bias for or against any party in the underlying proceeding.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Krichbaum.

**{¶ 5}** First, it is well established that "a judge's participation in the trial of a prior cause, during which the judge acquired knowledge of the facts of the underlying case, does not require disqualification." *In re Disqualification of Krichbaum*, 81 Ohio St.3d 1205, 1206, 688 N.E.2d 511 (1997). Similarly, it is well settled that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst,* 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. Thus, that Judge Krichbaum presided over Adams's criminal matter and has previously ruled against him are not grounds for disqualification.

**{¶ 6}** Second, Adams's supposition that Judge Krichbaum will be a witness at trial is insufficient to establish bias or prejudice. As explained in previous disqualification cases, when the evidence may be obtained from witnesses or sources other than the trial judge, the judge is not such a material witness as to require the judge's disqualification. *See In re Disqualification of Hedric*, 127 Ohio St.3d 1227, 2009-Ohio-7208, 937 N.E.2d 1016, ¶ 9; *In re Disqualification of Betleski*, 113 Ohio St.3d 1229, 2006-Ohio-7232, 863 N.E.2d 631, ¶ 9. Here, Adams has failed to allege—let alone demonstrate—that Judge Krichbaum is the source of material evidence that is otherwise unobtainable. In contrast, Judge Krichbaum claims that whatever evidence Adams intends to present by the judge's testimony could be established by judgment entries. On this record, Adams has not established that Judge Krichbaum will be a necessary witness at trial.

**{¶ 7}** Third, that defendant Vivo is the clerk of courts—a separately elected office in Mahoning County—does not, without more, mandate Judge Krichbaum's disqualification. "Judges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials * * *." *In re Disqualification of Villanueva*, 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372 (1995). Disqualification may be appropriate if a judge has a close relationship with or holds particularly strong ties to another public official involved in the underlying case. *See, e.g.*, *In re Disqualification of Corrigan*, 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720 (county trial judges disqualified from a case involving a county commissioner who wielded considerable influence over the court's funding and who played a leadership role in local politics); *In re Disqualification of Celebrezze*, 105 Ohio St.3d 1241, 2004-Ohio-7360, 826 N.E.2d 301 (county trial judges disqualified from a case involving a county officeholder who had significant personal and professional connections to many judges in the county). However, nothing in Adams's affidavit suggests any significant personal, professional, or political connections between Judge Krichbaum and defendant Vivo.

**{¶ 8}** Indeed, without more evidence establishing a disqualifying relationship, the chief justice has consistently denied affidavits of disqualification filed solely on the basis of a judge's professional relationship with another county officeholder or public official. *See, e.g.*, *In re Disqualification of Watson*, 81 Ohio St.3d 1207, 688 N.E.2d 512 (1997) ("The mere fact that a party to a pending case [the board of county commissioners] is the funding authority of the court in which the case is pending does not, without more, mandate the disqualification of the judges of that court"); *In re Disqualification of Celebrezze*, 74 Ohio St.3d 1231, 657 N.E.2d 1341 (1991) (without additional allegations, the fact that a judge from a different division of the common pleas court was a party to the underlying case did not mandate disqualification); *In re Disqualification of Lotz*,

100 Ohio St.3d 1236, 2002-Ohio-7480, 798 N.E.2d 19, ¶ 4 ("[t]he fact that one of the parties is employed by the court is not, by itself, sufficient grounds for disqualification"); *Villanueva* at 1278-1279 (the fact that members of board of elections were parties did not mandate judge's disqualification); *In re Disqualification of Solovan*, 100 Ohio St.3d 1238, 2003-Ohio-5483, 798 N.E.2d 21 (the fact that courthouse deputy sheriffs and bailiffs were victims of the defendant's alleged crimes did not mandate disqualification). Consistent with this precedent—and absent any factors in the record demonstrating that disqualification is required to avoid an appearance of impropriety—Judge Krichbaum and Vivo's professional relationship alone is insufficient to mandate the judge's removal from the underlying proceeding.

{¶ 9} In conclusion, "[t]he statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Krichbaum.

_____