IN RE DISQUALIFICATION OF STEVENSON.

STATE *v*. MILLS.

[Cite as *In re Disqualification of Stevenson*, ___ Ohio St.3d ___,

2014-Ohio-3176.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Disqualification denied.*

(No. 14-AP-039—Decided June 9, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Shelby County Court of Common Pleas

Case No. 13CR000339.

_____

**O'CONNOR, C.J.**

{¶ 1} Defendant Dennis J. Mills has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge James F. Stevenson from presiding over any further proceedings in case No. 13CR000339, pending for trial in the Court of Common Pleas of Shelby County.

{¶ 2} Mills claims that he will not receive a fair trial before Judge Stevenson because in 2006, the judge—while serving as the county prosecuting attorney—prosecuted Mills in a rape case. Mills claims that the allegations against him in the underlying abduction case are "somewhat similar" to the allegations in the 2006 rape case.

{¶ 3} Judge Stevenson has responded in writing to Mills's affidavit, averring that he has no bias or prejudice against Mills. Judge Stevenson acknowledges that he worked in the county prosecutor's office for 25 years, but he further states that he has no independent recollection of Mills or the facts of his 2006 case.

{¶ 4} For the following reasons, no basis has been established to order the disqualification of Judge Stevenson.

**{¶ 5}** The Code of Judicial Conduct requires a judge who formerly served as a government lawyer to disqualify himself or herself from any "particular matter" in which he or she personally and substantially participated as a government attorney. Jud.Cond.R. 2.11(A)(7)(b). "Accordingly, a judge is not automatically disqualified from a criminal case when he or she prosecuted a defendant in an earlier, *unrelated* proceeding." (Emphasis sic.) *In re Disqualification of Batchelor*, 136 Ohio St.3d 1211, 2013-Ohio-2626, 991 N.E.2d 242, ¶ 5; *see also id.* at ¶ 9 ("Absent some showing of prejudgment, bias, or an appearance of bias, it will not be assumed that a trial judge is unable to provide a fair trial based solely on prior prosecutorial participation in an unrelated case"), and *In re Disqualification of Hedric*, 127 Ohio St.3d 1227, 2009-Ohio-7208, 937 N.E.2d 1016, ¶ 6 ("Because [the judge] was not involved as a prosecuting attorney in the underlying action, [Jud.Cond.R. 2.11(A)(7)] does not compel his disqualification").

**{¶ 6}** Here, Mills claims only that the facts in the underlying abduction case are "somewhat similar" to the facts in his 2006 rape case. But in affidavit-of-disqualification proceedings, the burden falls on the affiant to submit "specific" allegations of bias or prejudice. *See* R.C. 2701.03(B)(1). Accordingly, in this case, Mills had the burden to demonstrate how the underlying case was the same "particular matter" as the 2006 case or to specifically explain how the two cases are related so that Judge Stevenson's disqualification is warranted. Mills's vague assertion that the two cases are "somewhat similar" is insufficient. *See, e.g., In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

**{¶ 7}** "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome

these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Stevenson.

————————————