O'Connor, C.J.
*1201 {¶ 1} Regina R. Richards, counsel for the defendant, Sarah Ashley Lute, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Nick Selvaggio from presiding over any further proceedings in the above-referenced criminal case.
{¶ 2} According to Ms. Richards, her client questions Judge Selvaggio's impartiality because the judge, while he served as the county prosecuting attorney, prosecuted the defendant in a prior felony case.
{¶ 3} Judge Selvaggio has responded in writing to the affidavit. The judge acknowledges that in 2012, he participated in the prosecution of an unrelated case against the defendant. But his participation in that previous case, the judge argues, does not require his removal from the pending action. The judge further states that he has not engaged in any conduct in the underlying matter that would cause the defendant to question his impartiality.
{¶ 4} The Code of Judicial Conduct requires a judge who formerly served as a government lawyer to disqualify himself or herself from any "particular matter" in which he or she personally and substantially participated as a government attorney. See Jud.Cond.R. 2.11(A)(7)(b). Accordingly, a judge cannot preside over a case in which the judge previously served as the prosecutor. However, the rule does not automatically require a judge's disqualification from a case involving a defendant whom the judge prosecuted in a previous unrelated case. See In re Disqualification of Batchelor , 136 Ohio St.3d 1211, 2013-Ohio-2626, 991 N.E.2d 242, ¶ 5 ; In re Disqualification of Hedric , 127 Ohio St.3d 1227, 2009-Ohio-7208, 937 N.E.2d 1016, ¶ 6. Here, Judge Selvaggio states that he never appeared as a government lawyer in the underlying matter and that the 2012 case was a different matter that has since been terminated. Under these circumstances, Judge Selvaggio's disqualification is not required merely because he previously prosecuted this defendant in a separate matter.
*1202 {¶ 5} Ms. Richards also asserts, however, that Judge Selvaggio should be removed because an appearance of impropriety would exist if he were to preside over the defendant's case. Specifically, Ms. Richards claims that the judge "aggressively" prosecuted the 2012 case, that he has "intimate knowledge of this defendant based on his prior adversarial relationship," and that because Champaign County is small, "the threat of the former adversarial relationship is carried onto the bench." Depending on the circumstances, a judge's prior adversarial relationship with a party appearing before the judge could potentially create an appearance of impropriety. But according to Judge Selvaggio, he had little involvement in the prosecution of the defendant's 2012 case. The judge notes that he appeared only twice in the matter-at the defendant's initial arraignment and at a pretrial scheduling *414 conference-and only as a stand-in attorney. According to the judge, an assistant prosecutor handled all other matters on behalf of the state. Therefore, Judge Selvaggio believes that Ms. Richards's allegation that he "aggressively" prosecuted the defendant is "groundless."
{¶ 6} Based on Judge Selvaggio's response to the affidavit, no reasonable and objective observer would question the judge's impartiality based on his limited involvement in the defendant's 2012 case. "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge Selvaggio.