IN RE DISQUALIFICATION OF CROSS.

THE STATE OF OHIO v. FRAZIER.

[Cite as *In re Disqualification of Cross* (1991), 74 Ohio St.3d 1228.]

(No. 91–AP–003—Decided January 8, 1991.)

MOYER, C.J. The affidavit of disqualification herein was filed by Edmond F. Bowers, counsel for defendant, Richard C. Frazier, seeking the disqualification of Judge Judith A. Cross from further proceedings in the above-captioned case.

Affiant alleges that rulings made by Judge Cross on questions of bail and the furnishing of expert witnesses to the defendant were unreasonable and cause the defendant to question his ability to receive a fair trial.

It has consistently been held that "disagreements with a judge's rulings of law are legal issues subject to appeal" and are not grounds for disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

Affiant also states that Judge Cross and the prosecuting attorney formerly practiced law in the same office and were assistant prosecutors at the same time, and infers that this relationship has created a bias in favor of the prosecuting attorney. In reply, Judge Cross states that she and the prosecutor only shared office space some years ago, and were not partners or associates. She also notes that it has been six years since they served together as assistant prosecutors; Judge Cross assumed judicial office more than four years ago.

The prior professional activities of a judge are not grounds for disqualification where the record fails to demonstrate the existence of a relationship or interest that clearly and adversely impacts on a party's ability to obtain a fair and impartial trial. See *In re Disqualification of Gaughan* (Oct. 5, 1987), No. 87–AP–057, unreported. The circumstances alleged in this affidavit do not support a finding that Judge Cross' prior professional relationship with the prosecuting attorney will adversely impact on defendant's right to obtain a fair trial before Judge Cross.

The response of Judge Cross indicates that the defendant was arraigned in this case on July 31, 1989. This affidavit was not filed until January 7, 1991, and Judge Cross' reply indicates that trial is scheduled for January 15, 1991. Absent extraordinary circumstances, which are not found in the record before me, a judge will not be disqualified after lengthy proceedings have transpired in a given case. *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298.

For the foregoing reasons, the affidavit of disqualification is found not well taken and is hereby denied.