IN RE DISQUALIFICATION OF ELLWOOD.

BENATTY CORPORATION ET AL. *v.* TRANSATLANTIC ENERGY CORPORATION.

[Cite as *In re Disqualification of Ellwood* (1992), 74 Ohio St.3d 1241.]

(No. 92–AP–104—Decided August 25, 1992.)

MOYER, C.J. This affidavit of disqualification was filed by Curtis F. Gantz, counsel for defendant in the above-captioned case. Affiant seeks the disqualification of Judge David A. Ellwood from further proceedings in the case.

Affiant indicates that prior to becoming a judge, Judge Ellwood served ten years as counsel for plaintiff and plaintiff's president, and practiced law with one of plaintiff's attorneys for over four years. He also notes that the son of plaintiff's president is employed in the common pleas court. Affiant contends

these past relationships give rise to an unintended bias or prejudice on the part of Judge Ellwood and raise a question of his impartiality.

"The prior professional activities of a judge are not grounds for disqualification when the record fails to demonstrate the existence of a relationship or interest that clearly and adversely impacts on a party's ability to obtain a fair and impartial trial." *In re Disqualification of Cross* (1991), 74 Ohio St.3d 1228, 657 N.E.2d 1388. The circumstances alleged in this affidavit do not support a finding that Judge Ellwood's prior relationship with plaintiff or plaintiff's counsel will adversely affect defendant's right to a fair and impartial trial. The record fails to establish that Judge Ellwood either served as a lawyer in the underlying case or practiced law with a lawyer who served during the association as a lawyer in the underlying matter. See Canon 3(C) of the Code of Judicial Conduct.

For the foregoing reasons, the affidavit of disqualification is found not well taken and is hereby denied.