In re Disqualification of McKay.

The State of Ohio *v.* Getsy.

[Cite as *In re Disqualification of McKay* (1996), 77 Ohio St.3d 1249.]

(No. 96–AP–120—Decided August 27, 1996.)

Moyer, C.J. Affiants, John F. Shultz, Maridee L. Costanzo, and James Wise, are counsel for defendant Jason Getsy in the above-captioned case, which is pending and in the course of trial before Judge W. Wyatt McKay of the Trumbull County Court of Common Pleas.

Affiants claim that Judge McKay is biased and prejudiced against their client based on his attendance at a social event that also was attended by one of the assistant prosecuting attorneys representing the state in the underlying case. Affiants also contend that Judge McKay's failure to disclose his attendance at this event, either prior to or after the event, demonstrates an animosity and a bias and prejudice toward the defendant.

The record indicates that the function in question was an annual picnic hosted by local judges and at which other public officials were in attendance. The function was held at the home of the mother of a Trumbull County court judge. The spouse of the county court judge is an assistant prosecuting attorney in the underlying case and was in attendance at the event.

The existence of an admitted friendship between a judge and an assistant prosecuting attorney, without more, does not mandate the judge's disqualification from cases handled by that assistant prosecuting attorney. *In re Disqualification of Economus* (Sept. 8, 1987), No. 87–AP–059, unreported. Here, affiants do not allege any friendship between Judge McKay and the assistant prosecutor, only that the two attended the same social event. Affiants further fail to demonstrate that there was any contact between Judge McKay and the assistant prosecuting attorney at the event or that the two discussed the pending case. Judge McKay's affidavit indicates that the assistant prosecuting attorney was at the event and states that if there was any contact with the prosecutor, the contact consisted of the "passing of simple social amenities."

The mere fact that a judge and an attorney attend the same social event does not mandate the judge's disqualification from pending cases involving that attorney. To hold otherwise would require a judge to compare his or her social calendar with those of attorneys who appear before the judge in order to ensure that they did not attend the same events. Moreover, I cannot conclude that Judge McKay had any duty to disclose his attendance at the event in question, either before or after the event, or that his nondisclosure was the product of any animosity or bias toward the defendant in this case. The record is devoid of any evidence that demonstrates the existence of any bias, prejudice, or disqualifying interest based on the claims of the affiants.

For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge McKay.