IN RE DISQUALIFICATION OF FUERST.

DOE v. RUPP ET AL.

[Cite as *In re Disqualification of Fuerst* (1996), 77 Ohio St.3d 1253.]

(No. 96–AP–155—Decided October 17, 1996.)

MOYER, C.J. Affiant is the plaintiff in a civil action pending before Judge Norman A. Fuerst. The underlying action involves affiant's allegations of sexual abuse by Father Edward F. Rupp, a Catholic priest, and the defendants include the priest and the Catholic Diocese of Cleveland. Affiant seeks the disqualification of Judge Fuerst and all other judges of the Cuyahoga County Court of Common Pleas who are members of the Catholic Diocese.

Affiant contends Judge Fuerst should be disqualified because it is impossible for a Catholic judge to fairly and impartially preside over this lawsuit. He also alleges that participation in this case by a Catholic judge creates an appearance of impropriety and would undermine the public's confidence in the integrity of the judiciary.

Affiant essentially suggests adoption of a *per se* rule that would require disqualification of a judge from any case in which a religious organization with which the judge is affiliated is a member. Such a rule would be contrary to the presumption that a judge fairly and impartially considers all matters coming before the judge. This action has been pending before Judge Fuerst for more than two years, and affiant does not cite any specific actions by Judge Fuerst as evidence of bias or prejudice against him or in favor of the defendants. Absent a specific demonstration of bias or prejudice or the existence of some other disqualifying interest, I decline to adopt a general rule that mandates the disqualification of a judge from a case involving a religious organization with which the judge is affiliated.

The affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Fuerst.