[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1215.]

IN RE DISQUALIFICATION OF BRESSLER.

THE STATE OF OHIO *v.* KEHL ET AL.

[Cite as *In re Disqualification of Bressler*, 1997-Ohio-27.]

*Judges—Affidavit of disqualification—Disqualification in criminal case not warranted when judge is friend of detective and honorary member of the Fraternal Order of Police—Recognition by means of bestowing an honorary membership or providing some other nominal token of gratitude for the judge's leadership and service does not, without more, warrant disqualification.*

(No. 97-AP-133—Decided September 19, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Butler County Court of Common Pleas case No. CR97-05-0504.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by defendant Jeffrey A. Turco seeking the disqualification of Judge H.J. Bressler from further proceedings in the above-captioned case.

{¶ 2} Affiant claims that Judge Bressler should be disqualified from the underlying case because he is a close friend of a police detective who will be called as a witness in the case and because he is a member of the Fraternal Order of Police. Judge Bressler admits a friendship with the detective but denies that this friendship will affect his consideration of this case. He further indicates that he was made an honorary member of the Fraternal Order of Police based on his long service to the local community, an award that has been bestowed on several other community leaders. Judge Bressler states that he does not participate in FOP matters, does not attend FOP meetings, and does not vote on FOP issues.

**{¶ 3}** Previously, I have held that the mere existence of a friendship between a judge and an attorney or between a judge and a party will not disqualify the judge from cases involving that attorney or party. See *In re Disqualification of Economus* (Sept. 8, 1987), No. 87-AP-059, unreported, and *In re Disqualification of Close* (Aug. 27, 1997), No. 97-AP-122, unreported. Absent some affirmative indication that a judge's friendship with a potential witness in a pending action will affect that judge's consideration of the case, I decline to establish a rule that mandates the judge's disqualification based on the existence of the friendship.

**{¶ 4}** With respect to the claim that Judge Bressler's honorary membership in the FOP mandates his disqualification from this case, I note that judges frequently are recognized by a variety of organizations for their leadership within the community. Recognition by means of bestowing an honorary membership or providing some other nominal token of gratitude for the judge's leadership and service does not, without more, mandate the judge's disqualification from cases in which that organization may have a general interest. Of particular relevance in this instance is Judge Bressler's assertion that he does not participate in FOP meetings or activities and the fact that the FOP is not a party to the underlying case.

**{¶ 5}** For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Bressler.

————————————