[This opinion has been published in *Ohio Official Reports* at 91 Ohio St.3d 1207.]

IN RE DISQUALIFICATION OF JUDGES OF THE FIRST DISTRICT COURT OF APPEALS.

KOUKIOS *v.* GANSON ET AL.

[Cite as *In re Disqualification of Judges of the First Dist. Court of Appeals*, 2000-Ohio-105.]

*Judges—Affidavit of disqualification—Underlying case involves Cincinnati Bar Association and a law firm—Allegation that judges' membership in bar association creates a conflict of interest in reviewing the underlying case— Canon 2 does not require disqualification when the judges are not officers or trustees in an organization that frequently appears in adversarial proceedings before them.*

(No. 00-AP-096—Decided October 17, 2000.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Common Pleas Court and Court of Appeals case Nos. A-9902104 and C-000542.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by Evans Koukios seeks the disqualification of all the judges of the First District Court of Appeals.

{¶ 2} Affiant is the plaintiff-appellant in a pending matter in which the Cincinnati Bar Association and a law firm are the defendants-appellees. He asserts that the judges of the First District Court of Appeals should be disqualified because their membership in the Cincinnati Bar Association creates a conflict of interest in reviewing the underlying case.

{¶ 3} Canon 2 of the Code of Judicial Conduct provides that judges may belong to organizations  devoted to improvement of the law and the legal system, such as bar associations, provided that they may not serve as an officers or trustees

if the organization appears frequently in adversarial proceedings before the judge. Here, the judges indicate that they do not hold office in the Cincinnati Bar Association and do not receive any tangible benefit from their membership that would impact on their ability to be fair and impartial in the underlying proceeding. Based on these facts, I cannot conclude that the disqualification of the judges is warranted to ensure the integrity of the proceedings.

{¶ 4} This holding is consistent with *In re Disqualification of Fuerst* (1996), 77 Ohio St.3d 1253, 674 N.E.2d 361, in which the plaintiff in a civil action brought against the Catholic Diocese sought the disqualification of all trial judges in Cuyahoga County who were members of the Catholic Church.  In *Fuerst*, I declined to establish a *per se* rule of disqualification based on a judge's religious affiliation, absent some affirmative indication of bias, prejudice, or other disqualifying interest.  As was the case in *Fuerst*, affiant in this case has failed to demonstrate specific indications that the judges of the First District Court of Appeals will not fairly and impartially consider the matters raised in this appeal.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied.

————————————