Opinion in Chambers, per Moyer, C.J.

**IN RE DISQUALIFICATION OF WARD.**

**IN RE GUARDIANSHIP OF GRAVES.**

[Cite as *In re Disqualification of Ward*, **100 Ohio St.3d 1211, 2002-Ohio-7467.**]

*Judges — Affidavit of disqualification — Judge practiced law with attorney seven years before proceedings — Mere allegation of professional relationship between judge and attorney that ended some years ago will not be grounds for disqualification — Mere allegation of friendship will not automatically result in judge's disqualification.*

(No. 02-AP-002 — Decided January 15, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Ross County Common Pleas Court, Probate/Juvenile Division, case No. 2001GM012.

————————————

**MOYER, C.J.**

{¶1} This affidavit of disqualification was filed by Rosalie A. Graves, seeking the disqualification of Judge Richard G. Ward from further proceedings in the above-captioned case.

{¶2} Affiant claims that Judge Ward cannot fairly and impartially preside over the underlying case because of a personal and professional relationship he has with an attorney in this matter. Affiant further alleges that the judge and attorney practiced law together in the same law firm and that the judge employed the attorney as an assistant prosecuting attorney during the judge's prior tenure as the county prosecutor. Judge Ward denies that his relationship with the attorney will have any bearing on the outcome of this case and notes that his professional relationship with the attorney ended nearly seven years ago when the judge accepted an appointment in state government.

{¶3} Previously, I have held that a prior professional relationship between a judge and an attorney will not be grounds for disqualification where that relationship

ended some years ago. See *In re Disqualification of Cross* (1991), 74 Ohio St.3d 1228, 657 N.E.2d 1338 (relationship as law partners and assistant prosecutors ended six years before the affidavit was filed); and *In re Disqualification of Weaver* (Sept. 8, 1987), No. 87-AP-103 (judge's partnership with an attorney ended two years before the affidavit was filed and the attorney's representation of a party to the underlying case commenced after the partnership ended). Absent extraordinary circumstances or instances in which disqualification is mandated by Canon 3(E) or some other provision of the Code of Judicial Conduct, the mere allegation of a professional relationship between a judge and an attorney that ended some years ago will not be grounds for disqualification of that judge from cases in which the attorney is representing a party.

{¶4} Affiant further alleges a friendship between Judge Ward and the attorney and infers that this will impact Judge Ward's consideration of this case. The mere allegation of a friendship between a judge and an attorney will not automatically result in the judge's disqualification from cases handled by that attorney. *In re Disqualification of Economus* (Sept. 8, 1987), No. 87-AP-059. Affiant has offered no evidence to support her claim that the friendship will adversely affect Judge Ward's consideration of this case.

{¶5} The balance of affiant's claims do not establish the existence of bias or prejudice that warrant Judge Ward's disqualification.

{¶6} For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Ward.

_____