IN RE DISQUALIFICATION OF LYNCH.

HUNTER *v*. OHIO BUR. OF WORKERS' COMP.

**[Cite as *In re Disqualification of Lynch,* 135 Ohio St.3d 1208, 2012-Ohio-6305.]**

*Judges—Affidavit of disqualification—R.C. 2701.03—Request for removal denied—No basis established warranting disqualification.*

(No. 12-AP-096—Decided September 11, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas Case No. 10-CV-018858.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Dianne D. Einstein, counsel for the plaintiff in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Julie M. Lynch from presiding over any further proceedings in case No. 10-CV-018858, a public-records action now pending for trial in the Court of Common Pleas of Franklin County.

**{¶ 2}** Einstein alleges that Judge Lynch may be biased in favor of defense counsel, Cheryl J. Nester, because of their friendship and previous working relationship. Specifically, Einstein alleges that at the August 29, 2012 pretrial conference, Judge Lynch greeted Nester with a hug and expressed how happy she was to see Nester. According to Einstein, Judge Lynch and Nester then talked for a significant amount of time about working together at the Ohio attorney general's office, how Nester had hired Judge Lynch, and how they had become "close friends" while working there. After the conference, Einstein claims, Judge Lynch invited Nester to see her new office. The "whole interaction" made Einstein uncomfortable, and she questions Judge Lynch's

ability to remain impartial. In addition, Einstein claims that the interaction between Judge Lynch and Nester creates an "appearance of impropriety."

{¶ 3} Judge Lynch has responded in writing to the concerns raised in Einstein's affidavit. Judge Lynch admits that she was hired by Nester at the Ohio attorney general's office in 1995 and that they worked together until 1999. Judge Lynch further acknowledges that at the pretrial conference, she gave Nester a "very brief" hug and they discussed their former colleagues at the Ohio attorney general's office. According to Judge Lynch, she has not seen or spoken to Nester outside of the courtroom in over nine years. Judge Lynch states that she considers Nester "a friend" but explains that they are not "social friends." Judge Lynch affirms that she will "continue to be impartial" in the case, and, according to Judge Lynch, it would be "very difficult to manage the court's docket" if she were forced to recuse herself every time an acquaintance is before her.

{¶ 4} For the following reasons, no basis has been established to order the disqualification of Judge Lynch.

{¶ 5} First, neither Judge Lynch's prior professional relationship with Nester nor their friendship, without more, demonstrates actual bias warranting disqualification. Absent extraordinary circumstances or instances in which disqualification is mandated by the Code of Judicial Conduct, "the mere allegation of a professional relationship between a judge and an attorney that ended some years ago will not be grounds for disqualification of that judge from cases in which the attorney is representing a party." *In re Disqualification of Ward*, 100 Ohio St.3d 1211, 2002-Ohio-7467, 798 N.E.2d 1, ¶ 3 (affidavit of disqualification denied where judge's professional relationship with attorney ended seven years earlier); *In re Disqualification of Cross*, 74 Ohio St.3d 1228, 657 N.E.2d 1338 (1991) (affidavit of disqualification denied where judge's professional relationship with attorney ended six years earlier).

**{¶ 6}** Similarly, the "mere allegation of a friendship between a judge and an attorney will not automatically result in the judge's disqualification from cases handled by that attorney." *Ward* at ¶ 4; *see also In re Disqualification of McKay*, 77 Ohio St.3d 1249, 1250, 674 N.E.2d 359 (1996), citing *In re Disqualification of Economus*, No. 87-AP-059 (Sept. 8, 1987) ("The existence of an admitted friendship between a judge and an assistant prosecuting attorney, without more, does not mandate the judge's disqualification from cases handled by that assistant prosecuting attorney"). In today's legal culture, friendships among judges, lawyers, and former colleagues are common, and a judge need not cut himself or herself off from the rest of the legal community. *See generally* Flamm, *Judicial Disqualification*, Section 8.2 (2d Ed.2007). "Many well-qualified people would hesitate to become judges if they knew that wearing the robe meant either discharging one's friends or risking disqualification in substantial numbers of cases." *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir.1985).

**{¶ 7}** Here, the record demonstrates that Judge Lynch and Nester's professional relationship ended over 12 years ago. They remain friendly, but they are not "social friends" and do not communicate outside of the courtroom. Without more, neither the previous working relationship nor the admitted friendship demonstrates that a bias in favor of Nester actually exists. Einstein's claim of actual bias is therefore not well taken.

**{¶ 8}** Second, Einstein has not demonstrated that Judge Lynch's relationship with Nester creates an appearance of impropriety. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lucci*, 117 Ohio St.3d 1242, 2006-Ohio-7230, 884 N.E.2d 1093, ¶ 8. "Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more

acute is the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff*, 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. In other words, disqualification may be appropriate "where a judge might reasonably be thought to enjoy a close relationship with or hold particularly strong emotional ties to a person involved in an action before the judge." *In re Disqualification of Russo*, 127 Ohio St.3d 1232, 2009-Ohio-7201, 937 N.E.2d 1021, ¶ 5.

**{¶ 9}** Here, nothing in the record suggests that Judge Lynch has the type of close personal or professional relationship with Nester that would cause an objective, disinterested observer to question Judge Lynch's ability to remain impartial. Judge Lynch and Nester were not partners in a business or a law practice, and according to Judge Lynch, they have not seen or spoken to each other outside of the courtroom in over nine years. Einstein's main focus is the "whole interaction" at the August 29, 2012 pretrial conference, which made Einstein "uncomfortable." While hugging is certainly a more intimate form of social greeting than hand shaking—and is more commonly reserved for friends in a social or casual setting, rather than a judicial proceeding—the fact that Judge Lynch greeted Nester with a hug does not demonstrate that she will be unable to set aside her friendship with Nester to uphold the law. Similarly, the fact that Judge Lynch questioned Nester about former colleagues, which is also not common during pretrial conferences, does not demonstrate that Judge Lynch and Nester have a significantly close relationship.

**{¶ 10}** Judges are presumed to be capable of distinguishing their personal lives from their professional obligations. *See* Flamm, Section 8.2, at 198-199. Einstein has not overcome that presumption here. The reasonable person would conclude that the oaths and obligations of a judge are not so meaningless as to be overcome merely by friendship with a party's counsel. *United States v. Kehlbeck*,

4

766 F.Supp. 707, 713 (S.D.Ind.1990), quoting *Armstrong Rubber Co. v. Carr*, E.D.Pa. No. 82-2426, 1986 WL 4485(Apr. 9, 1986). Einstein's claim of an appearance of impropriety is also not well taken.

{¶ 11} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Lynch.

———————————