IN RE DISQUALIFICATION OF PARK.

IN RE TRUST UNDER THE WILL OF KATHLEEN B. CONLEY. (TWO CASES.)

[Cite as *In re Disqualification of Park*, 142 Ohio St.3d 65, 2014-Ohio-5872.]

(No. 14–AP–064—Decided September 18, 2014.)

O'CONNOR, C.J.

{¶ 1} Craig T. Conley, counsel in the underlying cases, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Dixie Park from presiding over any further proceedings in case Nos. 195704 and 220841 in the Stark County Probate Court.

{¶ 2} Conley claims that Judge Park is a "long-time personal friend and former professional colleague" of Conley's opposing counsel, Stanley R. Rubin, and therefore the judge has a "pro-Attorney Rubin bias and prejudice" in the underlying cases. To support this allegation, Conley claims that (1) in 1998, Rubin represented Judge Park and her husband in a civil case involving construction of the judge's home, (2) between 2002 and 2004, while the judge was a practicing attorney, she shared office space with Rubin and performed legal services for him as an independent contractor, (3) in 2004, after Judge Park was appointed to the probate court, Rubin acted as the master of ceremonies for her swearing-in ceremony, and (4) in 2007, in an unrelated probate matter in which

Rubin appeared as counsel before Judge Park, the judge sent him a "personalized" letter using his first name and may have engaged in an ex parte communication with him.

{¶ 3} Judge Park has responded in writing to Conley's affidavit, denying any bias in favor of Rubin. Judge Park acknowledges that Rubin represented her in a litigation matter 16 years ago and that she rented office space from him and performed independent-contractor work for him 10 years ago. Judge Park avers that she has not had any business relationship with Rubin since January 2004 and that she does not have an ongoing social relationship with him. As to her alleged personalized letter in the unrelated 2007 probate case, Judge Park states that her use of Rubin's first name was an act of "congeniality" that "does not equate with bias or prejudice."

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Park.

{¶ 5} As an initial matter, Conley has waived his right to object to Judge Park based on these allegations. An affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady,* 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The affiant bears the burden of demonstrating that the affidavit is timely filed. *In re Disqualification of Capper,* 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, Conley's bias allegations are based on events occurring between 6 and 16 years ago. Yet Conley did not file his affidavit of disqualification until August 2014. And one of the underlying cases has been pending since 2005, with Conley entering an appearance in 2008, while the other matter has been pending since May 2014. Conley claims that he very recently learned of the relationship between Judge Park and Rubin. However, this vague statement does not sufficiently explain why Conley is belatedly raising these bias claims now.

{¶ 6} Alternatively, even if Conley had not waived his objections to Judge Park, he has failed to set forth sufficient grounds for disqualification. First, although a judge should not preside over a proceeding involving a private lawyer who is *currently* representing the judge in an unrelated matter, *see In re Disqualification of Badger,* 47 Ohio St.3d 604, 546 N.E.2d 929 (1989), Rubin represented Judge Park 16 years ago and well before she became a judge. Given that the attorney-client relationship has ceased and a significant amount of time has elapsed since Rubin represented Judge Park, disqualification is not warranted. *See, e.g., In re Disqualification of Morley,* 74 Ohio St.3d 1265, 657 N.E.2d 1363 (1994) (declining to adopt a rule requiring "disqualification of a judge from a case

where an attorney in the case previously represented the judge in an unrelated action"); Flamm, *Judicial Disqualification,* Section 8.5, at 210 (2d Ed.2007) ("the possible appearance of bias arising from the fact of an attorney's former representation of a judge will typically be insufficient to warrant disqualification of the assigned judge").

{¶ 7} Second, it is well established that absent circumstances in which disqualification is mandated by the Code of Judicial Conduct, a prior professional relationship—such as a law partnership or legal colleagues—between a judge and an attorney "will not be grounds for disqualification where that relationship ended some years ago." *In re Disqualification of Ward,* 100 Ohio St.3d 1211, 798 N.E.2d 1 (2002) (disqualification request denied when judge's professional relationship with an attorney appearing before him ended seven years prior); *In re Disqualification of Cross,* 74 Ohio St.3d 1228, 657 N.E.2d 1338 (1991) (disqualification request denied when judge's professional relationship with an attorney appearing before her ended six years prior). Here, Judge Park's professional relationship with Rubin ended ten years ago. On this record, no reasonable or objective observer would question Judge Park's ability to preside fairly in Rubin's cases.

{¶ 8} Finally, none of the other circumstances alleged in Conley's affidavit support a finding that Judge Park's relationship with Rubin will adversely affect her consideration of the underlying cases. For example, although Judge Park denies having any ongoing social relationship with Rubin, the existence of a friendship between a judge and an attorney appearing before her, without more, does not automatically mandate the judge's disqualification from cases handled by that attorney. *See In re Disqualification of Lynch,* 135 Ohio St.3d 1208, 2012-Ohio-6305, 985 N.E.2d 491, ¶ 6. In addition, Conley's claim that Judge Park engaged in an ex parte communication with Rubin in an unrelated 2007 matter is speculative and, regardless, does not prove that the judge's disqualification is mandated in the present cases. "Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice." *In re Disqualification of Flanagan,* 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The cases may proceed before Judge Park.