IN RE DISQUALIFICATION OF GHIZ.

CARLSON v. INCLINE VILLAGE, L.L.C.

2016-Ohio-3132.]

(No. 16–AP–010—Decided February 2, 2016.)

O'CONNOR, C.J.

{¶ 1} Plaintiff, Rick Carlson, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Leslie Ghiz from presiding over any further proceedings in the above-captioned case.

{¶ 2} Carlson has sued Incline Village, L.L.C., and other entities for allegedly cutting down trees on his property. Carlson believes that he will not receive a fair trial before Judge Ghiz because of her "close association" with John Cranley—the mayor of Cincinnati and, according to Carlson, the owner of Incline Village. Carlson also claims that before taking the bench, Judge Ghiz served on city council and in that capacity, she voted to grant and loan city money to Incline Village. Carlson claims that he may call Judge Ghiz as a witness in the underlying case to testify about the grant.

{¶ 3} Judge Ghiz has responded in writing to the affidavit, stating that Carlson is seeking disqualification to stall the scheduled trial. According to Judge Ghiz, Carlson has not listed her as a potential witness. The judge acknowledges that as a consequence of serving on city council, she is friends and acquaintances with many people in the area. The judge affirms, however, that such relationships play no role in her interpretation of the law and that she can fairly and impartially hear the underlying case.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Ghiz.

{¶ 5} As an initial matter, an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially

when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady,* 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper,* 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, the events giving rise to Carlson's affidavit occurred years ago; indeed, he could have filed the affidavit when Judge Ghiz was first assigned to the case. Yet he waited until eight days before a pretrial conference and one month before the scheduled trial to file his affidavit. As nothing in the record justifies the delay, Carlson has waived the right to disqualify Judge Ghiz based on these allegations. *See In re Disqualification of Corrigan,* 91 Ohio St.3d 1210, 741 N.E.2d 137 (2000) (affiant waived objections to judge's participation when incidents giving rise to claim of bias occurred "several months prior to the filing of the affidavit" and affidavit was filed "less than three weeks before the scheduled trial").

{¶ 6} However, even if Carlson had not waived his bias claims, his affidavit has not set forth sufficient grounds for disqualification. First, Carlson claims that Judge Ghiz is friends with Mayor Cranley because they both served on city council together. It is well settled, however, that "the mere existence of a friendship between a judge and an attorney or between a judge and a party will not disqualify the judge from cases involving that attorney or party." *In re Disqualification of Bressler,* 81 Ohio St.3d 1215, 688 N.E.2d 517 (1997). Nothing in the record suggests that Judge Ghiz has the type of close personal or professional relationship with Mayor Cranley that would cause an objective, disinterested observer to question Judge Ghiz's ability to remain impartial. "Judges are presumed to be capable of distinguishing their personal lives from their professional obligations." *In re Disqualification of Lynch,* 135 Ohio St.3d 1208, 2012-Ohio-6305, 985 N.E.2d 491, ¶ 10. Without more, Carlson has not overcome that presumption here.

{¶ 7} Second, Carlson claims that as a city council member, Judge Ghiz voted to grant money to Incline Village. But there is no indication in the record that in her prior public service, Judge Ghiz obtained information or performed functions relating to the subject of the underlying case that would mandate her disqualification. *See In re Disqualification of Watson,* 81 Ohio St.3d 1207, 1208, 688 N.E.2d 512 (1997). Although Carlson contends that he may call Judge Ghiz as a witness, "[m]ere allegations that a judge will be called as a witness in a pending case will not require the judge's disqualification." *Id.* Carlson has not indicated why Judge Ghiz's testimony is material to the underlying case or why it cannot be obtained from another source. *See In re Disqualification of Matia,* 135 Ohio St.3d 1246, 2012-Ohio-6343, 986 N.E.2d 8, ¶ 10–11.

1224

{¶ 8} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Ghiz.