IN RE DISQUALIFICATION OF DEZSO.

BENEDETTI *v.* BENEDETTI.

2016-Ohio-3110.]

(No. 16–AP–007—Decided February 12, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant Steven Benedetti has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Carol Dezso from presiding over any further proceedings in the above-captioned divorce and child-custody case.

{¶ 2} Benedetti claims that Judge Dezso has exhibited bias against him through a series of adverse rulings, which he claims violate his constitutional and civil rights. Benedetti additionally claims that Judge Dezso refuses to rule on his pending motions, and he asserts that she has a conflict of interest with one of plaintiff's attorneys. Benedetti has also filed three supplemental affidavits.

{¶ 3} Judge Dezso has responded in writing to the allegations, denying any bias and giving a detailed account of her handling of the case.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Dezso.

{¶ 5} First, it has long been held that "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze,* 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). This case has been assigned to Judge Dezso since October 2013, and the judge conducted a two-day trial in September 2015—although she has not yet issued a final divorce decree. Given the length of the proceeding and Judge Dezso's significant involvement, Benedetti has not established the existence of extraordinary circumstances warranting the judge's removal at this stage of the litigation.

{¶ 6} Second, Benedetti's disagreement or dissatisfaction with Judge Dezso's legal rulings are not grounds for disqualification. Benedetti claims that many of the judge's decisions lack evidentiary support and violate his rights. But "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. "Procedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts." *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6. However, reviewing alleged legal errors is not the role of the chief justice in deciding an affidavit of disqualification. Similarly, a "judge's alleged failure to set a matter for hearing or to promptly rule on a motion is not grounds for disqualification." *In re Disqualification of Dezso*, 134 Ohio St.3d 1223, 2011-Ohio-7081, 982 N.E.2d 714, ¶ 12.

{¶ 7} Third, Benedetti has not established that Judge Dezso has a conflict of interest with plaintiff's co-counsel. Benedetti claims that one of plaintiff's attorneys, Richard Zurz Sr., a former domestic-relations judge, is a "mentor and a close friend" of Judge Dezso. In response, Judge Dezso acknowledges that Zurz employed her from 1983 to 1990 and that he served as her professional mentor during that time period. Judge Dezso further states that although she respects Zurz, she does not socialize with him, they are not close friends, and she has presided over several cases in which Zurz appeared as counsel of record. Accordingly, the judge does not believe that any conflict of interest exists.

{¶ 8} Absent circumstances in which disqualification is mandated by the Code of Judicial Conduct, a prior professional relationship between a judge and an attorney "will not be grounds for disqualification where that relationship ended some years ago." *In re Disqualification of Ward*, 100 Ohio St.3d 1211, 798 N.E.2d 1 (2002); *see also In re Disqualification of Cross*, 74 Ohio St.3d 1228, 657 N.E.2d 1338 (1991) (disqualification request denied when judge's professional relationship with an attorney appearing before her ended six years prior); *In re Disqualification of Park*, 142 Ohio St.3d 65, 2014-Ohio-5872, 28 N.E.3d 56, ¶ 7 (disqualification request denied when judge's professional relationship with an attorney appearing before her ended ten years prior). Here, Judge Dezso notes that her professional relationship with Zurz ended over 25 years ago. Additionally, although Judge Dezso states that she and Zurz are not close friends, even if they were friends, "the existence of a friendship between a judge and an attorney appearing before her, without more, does not automatically mandate the judge's disqualification from cases handled by that attorney." *Id.* at ¶ 8. Based on this record, no reasonable or objective observer would question Judge Dezso's ability to preside fairly in this case merely because Zurz is co-counsel for a party.

{¶ 9} The disqualification of a judge is an extraordinary remedy. A "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 10} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Dezso.