IN RE DISQUALIFICATION OF FREGIATO.

JEFFERS *v*. THE CITY OF ST. CLAIRSVILLE.

2016-Ohio-8600.]

(No. 16–AP–067—Decided August 18, 2016.)

O'Connor, C.J.

{¶ 1} Plaintiff, Bill Jeffers, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Frank A. Fregiato from presiding over any further proceedings in the above-captioned civil case.

{¶ 2} Jeffers claims that an appearance of bias would exist if Judge Fregiato were to hear the case because the judge and defense counsel, Richard Myser, were formerly partners in the same law firm.

{¶ 3} Judge Fregiato has responded in writing to the affidavit and requests that it be denied. According to Judge Fregiato, his law partnership with Myser ended three years ago and they have no ongoing financial, social, or contractual relationship. Judge Fregiato also discloses that Myser, who serves as the law director for St. Clairsville but is primarily a real estate and estate-planning attorney, reviewed two estate-planning issues for the judge over the past two years. The judge, however, describes Myser's work in these matters as "minimal" and "brief," because it involved reviewing documents that the judge had prepared in advance.

{¶ 4} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. For the reasons explained below, Jeffers has not demonstrated that disqualification is necessary to avoid any appearance of impropriety.

{¶ 5} First, absent instances in which disqualification is mandated by the Code of Judicial Conduct, "a prior professional relationship between a judge and an attorney will not be grounds for disqualification where that relationship ended some years ago." *In re Disqualification of Ward,* 100 Ohio St.3d 1211, 798 N.E.2d 1 (2002) (denying affidavit where judge's professional relationship with an attorney ended nearly seven years prior). Here, Judge Fregiato's professional relationship with Myser ended three years ago, they have no continuing financial or social relationship, and there is no indication that Myser had any involvement in the underlying dispute while he and Judge Fregiato were professionally associated. Based on these facts, no reasonable and objective observer would question Judge Fregiato's ability to preside fairly in the underlying case based on his prior professional relationship with Myser.

{¶ 6} Second, that Myser has performed limited estate-planning services for the judge does not create an appearance of bias. "[A]lthough a judge should not preside over a proceeding involving a private lawyer who is *currently* representing the judge in an unrelated matter" (emphasis sic), *In re Disqualification of Park*, 142 Ohio St.3d 65, 2014-Ohio-5872, 28 N.E.3d 56, ¶ 6, Judge Fregiato and Myser have no ongoing or concurrent attorney-client relationship. Indeed, the judge states that in the most recent matter in which he sought assistance from Myser, the judge requested that Myser review a completed draft of a magazine article that the judge had written about estate planning. The judge estimates that Myser spent 15 minutes reviewing the article and that they had a five-minute telephone conversation about it. This limited interaction does not mandate Judge Fregiato's disqualification from the underlying case—especially since Jeffers filed his lawsuit *after* Myser had reviewed the judge's article.

{¶ 7} Accordingly, the record here is insufficient to conclude that Judge Fregiato could not fairly and impartially preside in the action. The affidavit of disqualification is therefore denied.