{¶ 9} The affidavit of disqualification is denied.

IN RE DISQUALIFICATION OF ENLOW.

KENT STATE UNIVERSITY *v.* BRADLEY UNIVERSITY.

2016-Ohio-8604.]

(No. 16–AP–093—Decided November 30, 2016.)

O'CONNOR, C.J.

{¶ 1} William R. Kohlhase, counsel for defendant Bradley University, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge John Enlow, a retired judge sitting by assignment, from presiding over any further proceedings in the above-captioned case. According to Mr. Kohlhase's affidavit, Kent State University sued Bradley University for tortious interference with contract after Bradley hired defendant Geno Ford, who was then under contract with Kent State, to serve as Bradley's men's basketball coach.

{¶ 2} Mr. Kohlhase argues that Judge Enlow must be disqualified to avoid an appearance of bias based on the judge's previous donations to Kent State athletics, including a donation between $2,500 and $4,999 in the prior fiscal year. Mr. Kohlhase asserts that because Bradley University is "faced with large

damage claims by Kent State in a matter directly involving Kent State athletics, [Bradley] is reasonably concerned as to whether it can receive a fair trial from Judge Enlow."

{¶ 3} Judge Enlow has responded in writing to the affidavit. The judge states that his wife graduated from Kent State, and he admits that he has donated to the university's athletic program and has also attended Kent State basketball games for many years. The judge does not believe, however, that any of those facts will affect his ability to fairly and impartially preside over the underlying case.

{¶ 4} The chief justice has not previously analyzed whether a judge's personal connections with a university could create an appearance of bias in cases involving that university. In other jurisdictions, the mere fact that a judge graduated from a university that is a party in a pending case before the judge, or that a judge made financial contributions to that university, are not, by themselves, sufficient grounds for the judge's recusal or disqualification. *See, e.g., Lunde v. Helms*, 29 F.3d 367, 370–371 (8th Cir.1994) ("We do not think that the district judge's having graduated from the university law school, even though the university is a party defendant, * * * [or] making alumni contributions or participating in university educational programs, without more, is a reasonable basis for questioning the judge's impartiality"); *Wu v. Thomas*, 996 F.2d 271, 274–275 (11th Cir.1993) (recusal not required when judge had made contributions to the defendant university and served as an unsalaried adjunct professor at the university); *A.H. Belo Corp. v. S. Methodist Univ.*, 734 S.W.2d 720, 722 (Tx.App. 1987) (recusal not required when judge was an alumnus of the defendant university and had contributed to the university's athletic-fundraising organization). *See also* Flamm, *Judicial Disqualification*, Section 10.5, at 267–268 (2d Ed.2007) ("while parties occasionally argue that a judge's educational affiliation may provide a reasonable ground for questioning his impartiality in cases in which a party is an institution he attended, made financial contributions to, or is presently affiliated with in some capacity, such gambits have almost always proved unsuccessful" [footnotes omitted]).

{¶ 5} In this case, Mr. Kohlhase's affidavit cites no other grounds for Judge Enlow's removal than the judge's previous donations to Kent State athletics. But similar to the precedents cited above, no reasonable or objective observer would question Judge Enlow's impartiality merely because he has contributed to the university's athletic program. The record does not suggest that by making donations to Kent State, Judge Enlow received any kind of tangible benefit that would somehow impact his ability to be fair or impartial. Further, both the tone and content of Judge Enlow's response to the affidavit of disqualification— including his assurances regarding his impartiality and his statement that he does

not care whether he is removed from the case—support the conclusion that he is neither biased nor prejudiced against any party.

{¶ 6} Judges are not only "presumed to follow the law and not to be biased," *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5, but they are also "presumed to be capable of distinguishing their personal lives from their professional obligations," *In re Disqualification of Lynch,* 135 Ohio St.3d 1208, 2012-Ohio-6305, 985 N.E.2d 491, ¶ 10. Those presumptions have not been overcome in this case.

{¶ 7} The holding here is consistent with other Ohio judicial-disqualification opinions regarding a judge's personal connection to a party appearing before him or her. *See, e.g., In re Disqualification of Fuerst,* 77 Ohio St.3d 1253, 674 N.E.2d 361 (1996) (a judge's membership in a church in the local Catholic diocese did not mandate his disqualification from a case involving sex-abuse claims against a Catholic priest and the diocese); *In re Disqualification of Judges of the First Dist. Court of Appeals,* 91 Ohio St.3d 1207, 741 N.E.2d 136 (2000) (appellate judges were not disqualified from a case against the Cincinnati Bar Association, although the judges were members of the bar association, because none of the judges held offices in the association or received any tangible benefit from their memberships); *In re Disqualification of Bressler,* 81 Ohio St.3d 1215, 688 N.E.2d 517 (1997) ("mere existence of a friendship * * * between a judge and a party will not disqualify the judge from cases involving that * * * party").

{¶ 8} The affidavit of disqualification is therefore denied. The case may proceed before Judge Enlow.