O'Connor, C.J.
*1247 {¶ 1} Defendant, Shamus McAdams, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Francine B. Goldberg from presiding over any further proceedings in the above-referenced divorce case, now pending for trial.
{¶ 2} According to Mr. McAdams, the central issue for trial will be whether the parties' children will continue to attend Parma City Schools or will relocate with the plaintiff to attend Beachwood City Schools. Mr. McAdams avers that Judge Goldberg has "affiliations and relationships with the Beachwood School System" that have created an appearance of impropriety, rendering her incapable of presiding fairly and impartially over the case. Specifically, he claims that Judge Goldberg has a "personal relationship" with two potential witnesses: (1) Shana Wallenstein, a representative from the Beachwood school district, and (2) Martin Horwitz, the mayor of Beachwood and the plaintiff's landlord. In addition, Mr. McAdams claims that Judge Goldberg has "ties" to the Beachwood school district.
{¶ 3} Judge Goldberg has responded in writing to the affidavit and denies having any bias in the underlying proceeding. The judge also explains her relationships with the two potential witnesses and the Beachwood school district.
{¶ 4} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." In re Disqualification of Lewis , 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. For the reasons set forth below, Mr. McAdams has not established that Judge Goldberg's disqualification is necessary to avoid an appearance of impropriety.
{¶ 5} According to Judge Goldberg, Ms. Wallenstein serves as an unpaid deputy treasurer for the judge's campaign committee and, in that capacity, signs and prepares the judge's campaign-finance statements. The judge describes their relationship as "primarily business/professional" and indicates that their correspondence is most frequent when the judge's campaign-finance statements are due. A judge may be disqualified from cases involving a litigant whose campaign activities demonstrate a substantial political relationship with the judge-at least during campaign-fundraising periods. See *851 In re Disqualification of Saffold , 117 Ohio St.3d 1239, 2006-Ohio-7225, 884 N.E.2d 1091, ¶ 5-7 ; Board of Professional Conduct Advisory Opinion 2014-1 (Jan. 31, 2014). But here, Ms. Wallenstein is neither a lawyer nor a litigant in the underlying case; she is merely a potential *1248 witness. And Mr. McAdams has failed to allege-let alone prove-that she has any interest in the outcome of the matter based on her potential testimony. Indeed, Mr. McAdams and Judge Goldberg suggest that Ms. Wallenstein is involved in the case merely because she was the plaintiff's initial point of contact when she inquired about educational offerings at the Beachwood school district.
{¶ 6} The circumstances here are more similar to those in In re Disqualification of Schweikert , 110 Ohio St.3d 1209, 2005-Ohio-7149, 850 N.E.2d 714. In that matter, a defendant's attorney sought to disqualify a judge from a postconviction hearing in which the defendant intended to call the judge's bailiff and court reporter to testify about security measures taken by the court during trial. Defense counsel argued that the judge would not be able to fairly and impartially weigh the testimony of his employees. Former Chief Justice Moyer noted that none of the court employees had an economic interest in the outcome of the case, and he concluded that given the judge's assurances that he would not allow his professional relationships to influence his judicial conduct, disqualification was not warranted.
{¶ 7} Like the judge in Schweikert , Judge Goldberg states that she is able to impartially consider any testimony that Ms. Wallenstein may offer. And nothing in the tone or content of Judge Goldberg's response suggests that she misapprehends her obligation to be fair to both parties and to convey the appearance of fairness to the public and the parties. Therefore, the fact that Ms. Wallenstein may testify about educational offerings at the Beachwood school district in the underlying divorce case does not require Judge Goldberg's disqualification.
{¶ 8} As to Mayor Horwitz, Judge Goldberg states that although she has attended some of the same civic and political events as the mayor, they are not personal friends and have no personal relationship. Absent some affirmative indication that a judge's acquaintance with a potential witness in a pending action will affect the judge's consideration of the matter, the judge's disqualification is not necessary merely because he or she knows a potential witness. In re Disqualification of Bressler , 81 Ohio St.3d 1215, 1215-1216, 688 N.E.2d 517 (1997).
{¶ 9} Finally, Judge Goldberg states that she has no involvement with the Beachwood school district other than the fact that she attended Beachwood City schools as a child and has given public-service presentations to Beachwood students. And the judge again affirms that she will fairly consider all relevant evidence in the underlying case, including the issues relating to the children's educational needs. Based on this record, the judge's connections to the Beachwood school district do not create an appearance of impropriety. See In re Disqualification of Enlow , 149 Ohio St.3d 1235, 2016-Ohio-8604, 75 N.E.3d 226, ¶ 4-5 (the mere fact that a judge or a judge's spouse graduated from a university *1249 that is a party in a case pending before the judge or made contributions to the university is not, without more, sufficient grounds for disqualification).
{¶ 10} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions."
*852 In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 11} The affidavit of disqualification is denied. The case may proceed before Judge Goldberg.